E-FILED

06 FEB 28 AM 9: 48

NORTH... ....... ..... OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RICARDO JACKSON, | ) | CASE NO. 1:05 CV 2730 |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| A. BATTLES, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 22, 2005, plaintiff pro se Ricardo Jackson, an inmate at the Southern Ohio Correctional Facility (SOCF), filed this 42 U.S.C. § 1983 action against the following defendants: Mansfield Correctional Institution (MANCI) Correctional Officer A. Battles, MANCI Case Manager R. Jontes, MANCI Institutional Inspector Sharon Berry, MANCI Warden Margret Bradshaw, MANCI Correctional Counselor Sgt. Page, MANCI Security Threat Group Investigator Mr. Sensek, MANCI Unit Manager Ms. Wainwright, SOCF Unit Manager C. Davis, Ohio Department of Rehabilitation and Correction (ODRC) Chief Inspector Cheryl F. Martinez, and ODRC Bureau of Classification and Reception Chair Will A. Eleby.  For the reasons stated below, this action is dismissed.

The complaint alleges in essence as follows: Plaintiff's

security classification was increased as a result of a false conduct charge. The hearing that preceded the classification change did not comply with procedures required under Ohio law. Further, defendant Battles told inmates in the Local Control Unit, where plaintiff was held for 300 straight days, that plaintiff is a "snitch." A protective custody hearing at MANCI was not completed and inmate statements sought to be introduced by plaintiff were not allowed, and a similar hearing at SOCF was not recorded as required by ODRC policy.

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v.

2

Scott, 249 F.3d 493, 504-05 (6th Cir. 2001).[1]

Plaintiff has not demonstrated that he has exhausted his administrative remedies. He has attached copies of two grievances and otherwise includes only general statements of exhaustion in his pleadings which are not sufficient to satisfy the mandates of § 1997e. The inmate bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. Plaintiff has not satisfied that burden.

While the complaint suggests plaintiff completed the grievance process for two claims against defendants Battles and Berry, there is no indication that he submitted grievances and exhausted his administrative remedies for each claim against each institutional defendant named herein. The United States Sixth Circuit Court of Appeals adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, if any claim in the complaint has not been exhausted, the entire complaint must be dismissed for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the

---

[1] See also , Lyons-Bey v. Curtis , No. 01-1574, 2002 WL 203214 (6th Cir. Feb. 7, 2002)(indicating that plaintiff must exhaust each separate claim raised in his complaint); Fuller v. Calvin, No. 01-1814, 2002 WL 21998 (6th Cir. Jan. 4, 2002)(finding that plaintiff must present documents to the court indicating that he filed a grievance against each of the named defendants for the specific misconduct alleged in the complaint); Vandiver v. Martin, No. Civ. A.01-CV-71510-DT, 2002 WL 482549, slip op. (E.D. Mich. Mar. 5, 2002)(finding that the issues plaintiff raises in his complaint are limited to the specific issues and the specific individuals named in plaintiff's grievances).

3

unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process.  Id.  A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims.    Id. at 808.

Because Plaintiff has not demonstrated that he filed grievances for each claim against each institutional defendant, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety.  Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. § 1997e.  Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


/s Kathleen M. O'Malley 2/28/06
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

4